# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TYLER J. QUINONES,

    Plaintiff,

v.                                                        Case No. 20-CV-429

KETTLE MORAINE CORRECTIONAL
INSTITUTION and TRACY THOMPSON,

    Defendants.

## DECISION AND ORDER SCREENING PLAINTIFF'S COMPLAINT

    Plaintiff Tyler J. Quinones, a Wisconsin state inmate who is representing himself, filed this lawsuit under 42 U.S.C. § 1983 alleging that officials at Kettle Moraine Correctional Institution violated his constitutional rights. Quinones also filed a motion to proceed without prepaying the filing fee, as well as a motion to waive the remainder of the filing. This matter is now before on Quinones motion to proceed without prepaying the filing fee, his motion to waive the remainder of the fee, and for screening his complaint.

    I have jurisdiction to decide the motions and screen the complaint in light of Quinones' consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between Wisconsin Department of Justice and this court.

    1. *Motion to Proceed Without Prepaying the Filing Fee*

    The Prison Litigation Reform Act ("PLRA") applies to this case because Quinones was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the

court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 1, 2020, I ordered Quinones to pay an initial partial filing fee of $44.00. (Docket # 7.) Quinones paid that fee on May 26, 2020. I will grant Quinone's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Motion to Waive the Remainder of the Filing Fee*

Quinones filed a motion asking me to waive the remainder of the filing fee. I have no authority to do so. The PLRA requires that he pay 20% of his deposits every month his account balance exceeds $10.00. 28 U.S.C. § 1915(b)(2). Accordingly, I will deny his motion.

3. *Screening of the Complaint*

   3.1   Federal Screening Standard

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

2

Case 2:20-cv-00429-NJ   Filed 12/15/20   Page 2 of 6   Document 12

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3.2     Allegations in the Complaint

Sometime between the beginning of March and the beginning of April 2019 Quinones experienced a back injury. He notified defendant Tracy Thompson, as well as Health Services Unit staff and management of his pain around 100 times. When he saw Thompson on May 2, 2019, she claimed that he was "pain seeking for medications" and "treated him as a faker." (Docket # 1 at 3.) In late October 2019, Quinones had an MRI, which showed prominent disc protrusion at L4-L5 left central and subarticular zones, as well something with his L5 nerve (he does not explain this).

3.3     Analysis

"[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014))

(internal quotations omitted). Courts a two-part test to evaluate whether medical care amounts to cruel and unusual punishment: (1) "whether a plaintiff suffered from an objectively serious medical condition" and (2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

I am satisfied that Quinones' back injury (and attendant pain) is a sufficiently serious medical condition. With respect to deliberate indifference, Quinones alleges that he contacted HSU, including Thompson, numerous times. He also alleges that Thompson saw him and refused to provide him with pain medication (I infer this from Quinones relaying she said he was drug seeking). At screening, this is enough to allege Thompson knew Quinones was injured and in pain but did not provide care. He may proceed against her under the Eighth Amendment.

However, I will dismiss Kettle Moraine Correctional Institution as a defendant. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006). Kettle Moraine Correctional Institution is one of several institutions within the Department of Corrections. Because it is not a "person" subject to suit under §1983, the institution is dismissed.

**NOW, THEREFORE, IT IS ORDERED** that Quinones' motion to proceed without prepayment of the filing fee (Docket # 2) is **GRANTED**.

**IT IS ALSO ORDERED** that Quinones' motion to waive the remainder of the filing (Docket # 8) is **DENIED**.

**IT IS ALSO ORDERED** that Kettle Moraine Correctional Institution is **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendant Tracy Thompson.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.

It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

5

Case 2:20-cv-00429-NJ   Filed 12/15/20   Page 5 of 6   Document 12

Quinones is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Quinones is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Quinones' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Quinones may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 15th day of December, 2020.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge